[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 30, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16027
Non-Argument Calendar

_____

Agency No. A79-441-162

ASAD HUSSAIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 30, 2007)**

Before TJOFLAT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Asad Hussain, a native and citizen of Pakistan, arrived in the United States

on September 27, 2000 on a non-immigrant visa, which later changed to a student

visa. Hussain failed to maintain a full course of study and to maintain a passing grade point average, and the INS issued a notice to appear, charging him with removability under INA § 237(a)(1)(C)(i); 8 U.S.C. § 1237(a)(1)(C)(i).

On August 10, 2003, Hussain filed an application for asylum and withholding of removal and relief under the United Nations Convention Against Torture ("CAT"), 8 U.S.C. §§ 1158, 1231; 8 C.F.R. 208.16(c), alleging that he had been persecuted in Pakistan on account of his political activities and his involvement with the All Pakistan Muhajir Student Organization ("APMSO"), which was the student group affiliated with the Muttahida Quami Movement ("MQM").[1] According to Hussain, he was attacked and beaten by members of an opposing group as he attempted to recruit another student into the APMSO. In the application, he indicated that he had not filed the application within one year of his arrival because he was not aware of the deadline.

At the removal hearing, Hussain conceded his removability and admitted that the asylum application was untimely, but asserted that there were extraordinary circumstances to excuse the late application. Hussain explained that his grandmother had died and he had been in mourning, which left him unable to file his application. He first stated that his grandmother passed away in August 2001, but later testified it had been on September 25, 2001. The death certificate

---

[1] MQM is an organization for people who migrated to Pakistan from India.

submitted indicated that Hussain's grandmother died on September 25, 2001. Hussain further testified that he waited to apply for asylum because he had been attending college. The Immigration Judge ("IJ") concluded that there were no extraordinary circumstances to excuse the untimely petition, noting the inconsistencies concerning the date the grandmother had died and the reasons given for the late filing. Nevertheless, the IJ found that even if there were extraordinary circumstances, the delay was unreasonable and pretermitted the asylum claim as untimely.

The IJ also denied relief from removal, finding that the testimony regarding the alleged persecution was vague and non-specific. The IJ questioned Hussain's credibility, but did not make an explicit adverse credibility determination. The IJ noted that there was no evidence to corroborate the attack or hospitalization, that Hussain could not identify his attackers, and there was no evidence the attack was connected to a protected ground. The IJ also found that there was no evidence of a future threat.

Hussain moved for reconsideration of the untimely asylum claim and appealed to the Board of Immigration Appeals ("BIA"). The BIA dismissed the appeal, agreeing with the IJ that the application was untimely and that there were no extraordinary circumstances to excuse the delay, as the amount of time was

3

unreasonable. The BIA further concluded that there was no persecution on account of a protected ground. Hussain now petitions this court for review.

In his petition, Hussain challenges the timeliness determination, and he contends that his claims should be remanded to the BIA due to ineffective assistance of counsel.

A. Timeliness

Hussain argues that he was unable to properly address the issue of timeliness due to ineffective assistance of counsel. He disagrees with the IJ's assessment of the facts of his case, and contends that the combination of events rises to the level of extraordinary circumstances and that the danger he faces in Pakistan constitutes changed circumstances.

We review matters of subject-matter jurisdiction de novo. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). An alien may seek asylum if he "demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." INA § 208(a)(2)(B); 8 U.S.C. § 1158(a)(2)(B). The one-year period begins either on the date of the alien's last arrival in the United States or April 1, 1997, whichever is later. 8 C.F.R. § 208.4(a)(2)(ii). Hussain concedes that his application was untimely.

An untimely application may be considered, however, if the alien shows extraordinary circumstances for the delay in filing a timely application. INA § 208(a)(2)(D); 8 U.S.C. § 1158(a)(2)(D).

This court has held that 8 U.S.C. § 1158(a)(3) divests it of jurisdiction to review a BIA's determination that an asylum applicant failed to file a timely application or to establish the extraordinary conditions that would excuse an untimely application. Chacon-Botera v. U.S. Att'y Gen., 427 F.3d 954, 956-57 (11th Cir. 2005); Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). Here, the IJ and the BIA determined that the application was untimely and that there were no extraordinary circumstances to excuse the late applications. As such, we lack jurisdiction to review the asylum petition.

Hussain now argues that ineffective assistance of counsel prejudiced his claims of extraordinary circumstances, but he has offered nothing to show that the outcome would have been different but for counsel's representation. He does not explain what evidence he would have submitted to meet his burden. See Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1274 (11th Cir. 2005) (discussing need to show prejudice); see also Matter of Lozada, 19 I & N Dec. 637 (BIA 1988) (discussing requirements for ineffective-assistance-of-counsel claim). Notably, Hussain could have moved the BIA for reconsideration or to reopen in order to raise his ineffective-assistance-of-counsel claims, but he did not do so.

5

Moreover, although Hussain now asserts that there are changed conditions to excuse his untimely application, he did not raise this issue before the IJ or the BIA, and thus has not exhausted it. INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). The exhaustion requirement is jurisdictional; therefore, we lack jurisdiction to review a claim not presented to the BIA. Alim v. Gonzales, 446 F.3d 1239, 1253 (11th Cir. 2006); Fernandez-Bernal v. U.S. Att'y Gen., 257 F.3d 1304, 1317 n.13 (11th Cir. 2001). Accordingly, we dismiss this part of the petition for review.

B. Remand

Hussain asserts that he suffered prejudice due to ineffective assistance of counsel, and he requests a remand because he was unable to present this issue before the IJ and the BIA. He seeks to submit additional evidence to support his claims, and he notes that counsel has since been disbarred.[2]

The government responds that this court lacks jurisdiction to review the ineffective-assistance-of-counsel claims because Hussain did not exhaust administrative remedies, and the court should not consider new evidence not presented to the IJ or BIA. It also asserts that Hussain cannot meet the standard for ineffective-assistance-of-counsel claims set forth in Matter of Lozada, 19 I&N

---

[2] The new documents are part of the Appendix filed with the appeal. Because they were not part of the administrative record, the documents are not properly before this court. 8 U.S.C. § 1252(b)(4)(A).

6

Dec. 637 (BIA 1988).[3] Hussain replies that he could not have raised the ineffective-assistance claim earlier because it is based on counsel's performance before the BIA as well as before the IJ. He contends that, in light of counsel's disbarment, he should be excused from the steps set out in Matter of Lozado.

As discussed above, we lack jurisdiction to review claims that have not been exhausted. Alim, 446 F.3d at 1253; Fernandez-Bernal, 257 F.3d at 1317 n.13. Because Hussain did not raise his ineffective-assistance claim before the BIA, we are without jurisdiction.

Hussain asserts that he could not raise the claim before the BIA because he was still represented by counsel in that proceeding. As discussed above, however, Hussain did not move the BIA to reconsider or reopen his proceedings to raise the claim. He now points to evidence that his counsel has been disbarred as demonstrative of the prejudice he suffered. This evidence was not presented to the

---

[3] The BIA has required that, when filing a motion to reopen based on a claim of ineffective assistance of counsel, the alien must: (1) submit an affidavit attesting to the relevant facts; (2) inform former counsel of the allegations and allow an opportunity to respond; and (3) if asserting that the prior counsel's handling of the case violated ethical or legal responsibilities, state whether a complaint has been filed with the appropriate disciplinary authorities, and, if not, why not. Matter of Lozada, 19 I & N Dec. 637, 639 (1988).

BIA, and we will not consider it.[4]  Accordingly, as Hussain has not exhausted this issue, we dismiss the petition.[5]

C. Withholding of Removal

The government asserts that Hussain abandoned any challenge to the IJ's denial of withholding and CAT relief because he failed to raise the issue in his opening brief.  Hussain replies that he did not abandon the withholding claims because he is seeking to have the entire case remanded to the BIA in light of the prejudice resulting from ineffective assistance of counsel.

As the government notes, Hussain does not address the denial of withholding or CAT relief in his brief.  Therefore, Hussain has abandoned these issue.  Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 (11th Cir. 2005).  Accordingly, we deny the petition on these grounds.

---

[4]  Moreover, the evidence does not demonstrate that counsel's disbarment was caused by deficient performance.  Rather, counsel was disbarred following a felony conviction.

[5]  Hussain argues that, under the "remand rule," we should remand the case to the BIA to consider the ineffective-assistance-of-counsel claim.  See Gonzalez v. Thomas, 547 U.S. 183, 126 S.Ct. 1613, 1615, 164 L.Ed.2d 358 (2006); INS v. Ventura, 537 U.S. 12, 18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (explaining that "[a] court of appeals is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry. . . . Rather, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (quotation omitted).  We conclude that Hussain's claims fall within the "rare instance" when remand is unnecessary because as Hussain admits that he has not met the requirements set forth in Matter of Lozada, he would not be entitled to relief if the matter were remanded to the BIA.

In conclusion, for the foregoing reasons, we DISMISS the petition in part and DENY the petition in part.